**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| KATIANA SOENEN, | |
| | |
| *Plaintiff,* | C.A. No. 1:23-cv-00046-JJM-PAS |
| v. | |
| | |
| BROWN UNIVERSITY, | |
| | |
| *Defendant* | |
| | |
| TAJA-HIRATA-EPSTEIN, | |
| | |
| *Plaintiff,* | C.A. No. 1:23-cv-00047-JJM-PAS |
| v. | |
| | |
| BROWN UNIVERSITY, | |
| | |
| *Defendant.* | |

| | |
|---|---|
| EMMA DENNIS-KNIERIEM, | |
| *Plaintiff,* | C.A. No. 1:23-cv-00048-JJM-PAS |
| v. | |
| BROWN UNIVERSITY, | |
| *Defendant.* | |
| JANE DOE 2, | |
| *Plaintiff,* | C.A. No. 1:23-cv-00051-JJM-PAS |
| v. | |
| BROWN UNIVERSITY, | |
| *Defendant.* | |
| CHLOE BURNS, | |
| *Plaintiff,* | C.A. No. 1:23-cv-00086-JJM-PAS |
| v. | |
| BROWN UNIVERSITY, | |
| *Defendant.* | |

## <u>STIPULATED PROTECTIVE ORDER</u>

Plaintiffs and Defendants (collectively referred to as the "Parties" or singularly as a "Party"), through their undersigned counsel, subject to the approval of the Court, intend that this Stipulation and Protective Order (the "Protective Order") will govern the handling of documents, deposition testimony, deposition exhibits, deposition transcripts, written discovery requests, interrogatory responses, responses to requests to admit, responses to requests for documents and electronically stored information, responses to subpoenas served on non-parties, and any other information or material produced, given or exchanged, including any information contained

therein or derived therefrom ("Discovery Material") by or among any Party or non-Party providing Discovery Material (each a "Producing Party") in the Actions, as that term is defined in the Definitions, below.

## 1.  DEFINITIONS

Actions:  This Protective Order is meant to apply to each of the five individual actions: *Jane 2 v. Brown University*, C.A. No. 23-cv-00051, *Katiana Soenen v. Brown University*, C.A. No. 23-cv-00046, *Taja Hirata-Epstein v. Brown University*, C.A. No. 23-cv-00047, *Emma Dennis-Knieriem v. Brown University*, C.A. No. 23-cv-00048, and *Chloe Burns v. Brown University*, C.A. No. 23-cv-00086 (collectively, the "Actions").

Party:  Any party named in any of the Actions, including all of said party's officers, directors, agents, and/or employees.

Non-Party:  Any natural person or entity that is not a named Party to any of the Actions.

Producing Party:  Any Party or Non-Party that produces Discovery Material in the Actions.

Designating Party:  Any Party or Non-Party that designates Discovery Material as "Confidential" or "Highly Confidential" pursuant to this Protective Order.

## 2.  CONFIDENTIAL DISCOVERY MATERIAL

Any Producing Party may designate any Discovery Material as "Confidential" under the terms of this Protective Order if such Producing Party reasonably believes in good faith that such Discovery Material contains confidential, personal, private, business, strategic, proprietary, or commercially sensitive information that requires the protections provided in this Protective Order ("Confidential Discovery Material").

### 3.  HIGHLY CONFIDENTIAL DISCOVERY MATERIAL

Regardless of what entity or individual is producing Discovery Material, all Discovery Material must be designated as "Highly Confidential" if such Discovery Material contains

    a.  The identity of any Plaintiff proceeding under pseudonym;

    b.  Any identifying information related to or concerning any Plaintiff proceeding under a pseudonym;

    c.  Any information about and/or related to sex, sexual conduct, or acts of an otherwise intimate and/or sexual nature; and,

    d.  Any medical records, including mental health records, related to any Plaintiff.

### 4.  DESIGNATING DISCOVERY MATERIAL

The designation of Discovery Material as Confidential or Highly Confidential Discovery Material shall be made in the following manner:

    A.    In the case of documents or other materials (apart from depositions or other pre-trial testimony): (i) by affixing the legend "Confidential" or "Highly Confidential" to each page containing any Confidential Discovery Material or Highly Confidential Discovery Material; or (ii) in the case of electronically stored information produced in native format, by including "Confidential" or "Highly Confidential" in the file or directory name, or by affixing the legend "Confidential" or "Highly Confidential" or to the media containing the Discovery Material (*e.g.*, CD-ROM, floppy disk, DVD).

    B.    In the case of depositions or other pre-trial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure or before the conclusion of the deposition or testimony; or (ii) by written notice, sent to all Parties within ten (10) business days of receipt of the final transcript, and in no event later than sixty (60) days after the testimony was given, designating the portions of the transcript; provided that only those

portions of the transcript designated as Confidential or Highly Confidential Discovery Material shall be deemed Confidential or Highly Confidential Discovery Material. All depositions and other pre-trial testimony shall be deemed to be Confidential or Highly Confidential Discovery Material until the expiration of the tenth (10th) business day after counsel receive the final transcript, after which such deposition and other pretrial testimony will be treated in accordance with its confidentiality designation, if any. The Parties may modify this procedure for any particular deposition or other pretrial testimony by agreement on the record at such deposition or testimony without further order of the Court.

C.     In the case of any other Discovery Material, by written notice that the Discovery Material constitutes Confidential or Highly Confidential Discovery Material.

The designation of Discovery Material as Confidential or Highly Confidential Discovery Material shall constitute a representation that such Discovery Material has been reviewed by an attorney representing the Party making the designation, and that there is a good faith basis for such designation. As there is a presumption in favor of open and public judicial proceedings in federal courts and the Local Rules of the United States District Court for the District of Rhode Island, the Parties will use their best efforts to limit the number of documents designated "Confidential." Public records and other publicly available information or documents shall not be designated as "Confidential."

## 5.  INADVERTENT FAILURE TO DESIGNATE CONFIDENTIAL DISCOVERY MATERIAL

Inadvertent failure to designate Discovery Material as Confidential or Highly Confidential Discovery Material shall not constitute a waiver of such claim and may be corrected within sixty

4

(60) days of production of such Discovery Material, after which time any claim of confidentiality shall be waived. Prior to the expiration of sixty (60) days following production, a Producing Party may designate as "Confidential" or "Highly Confidential" any Discovery Material that has already been produced, including Discovery Material that the Producing Party inadvertently failed to designate as Confidential or Highly Confidential Discovery Material, (i) by notifying the Party to whom the production has been made in writing that the Discovery Material constitutes Confidential or Highly Confidential Discovery Material, or (ii) in a manner consistent with Paragraph 4. Upon receiving such supplemental written notice, the Parties shall thereafter treat the Discovery Material so designated as Confidential or Highly Confidential Discovery Material and such Discovery Material shall be fully subject to this Protective Order from the date of such supplemental notice going forward. The Party receiving such notice shall make a reasonable, good faith effort to ensure that any analyses, memoranda, notes, or other such materials generated based upon such newly designated information are immediately treated as containing Confidential or Highly Confidential Discovery Material. In addition, upon receiving such supplemental written notice, any receiving Party that disclosed the Discovery Material before its designation as Confidential or Highly Confidential Discovery Material will exercise its best efforts (i) to ensure the return or destruction of such Discovery Material by any person not authorized to receive the Confidential or Highly Confidential Discovery Material under the terms of this Protective Order, (ii) to ensure that any documents or other materials derived from such Discovery Material are treated as if the Discovery Material had been designated as Confidential or Highly Confidential Discovery Material when originally produced, (iii) to ensure that such Discovery Material is not further disclosed except in accordance with the terms of this Protective Order, and (iv) to ensure

that any such Discovery Material, and any information derived therefrom, is used solely for the purposes described in Paragraph 6 of this Protective Order.

## 6.   ACCESS TO AND USE OF CONFIDENTIAL DISCOVERY MATERIAL

Confidential or Highly Confidential Discovery Material may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons for use in connection with these Actions and in accordance with this Protective Order:

A.    Individual officers, and/or executive level employees, and insurance representatives of the Parties whose job duties include advising counsel and making decisions concerning the litigation or potential settlement of these Actions, but only to the extent counsel determines in good faith that the individual's assistance is reasonably necessary to the conduct of these Actions;

B.    In-house counsel of the Parties to these Actions, to the extent deemed reasonably necessary by counsel of record for the purpose of assisting in the prosecution or defense of these Actions;

C.    Counsel who represent Parties in these Actions, and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services) who are assisting with these Actions;

D.    Subject to Paragraph 7, experts or consultants assisting counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including outside copying services and outside support services) who are assisting with these Actions;

E.    Subject to Paragraph 8, a witness who has been subpoenaed or noticed for deposition, trial testimony, or another court proceeding in the Actions not otherwise authorized to view the Confidential or Highly Confidential Material in question, during the witnesses' testimony at deposition, hearing, or trial in the above-captioned case, or in preparation for the same, provided that (i) the disclosure is made for the purpose of advancing the disclosing party's claims or defenses, and for no other purpose; (ii) the witness is not permitted to retain the Confidential or Highly Confidential Material after the witness is examined regarding the Confidential or Highly Confidential Material; and (iii) the witness is explicitly informed by Counsel for the party seeking to use the Confidential or Highly Confidential Material that this Protective Order forbids him or her to disclose the Confidential or Highly Confidential Material except as permitted under the Protective Order and that he or she is subject to the Court's jurisdiction for the purposes of enforcing this Protective Order.  If any Party or non-Party intends to show any non-party witness any material marked Confidential or Highly Confidential that would reveal the identity of any Plaintiff proceeding under pseudonym, the Party intending to use such material shall notify Plaintiffs' counsel at least five (5) business days in advance of the date of use and shall provide the following information: (1) the non-party witness to be shown said protected material; (2) the purpose that said non-party witness must know the identity of any pseudonymous Plaintiff.  Plaintiff shall have the right to object to disclosure of any pseudonymous Plaintiff's identity in such manner.

F.    Any person indicated on the face of a document or accompanying cover letter, email, or other communication to be the author, addressee, or an actual or intended recipient of the document, or, in the case of meeting minutes and presentations, an attendee of the meeting;

G.    The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in these Actions or any appeal therefrom;

H.    Jurors; and

I.    Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation of, or statement on the record by, the Producing Party who provided the Confidential or Highly Confidential Discovery Material being disclosed, provided that such person signs an undertaking in the form attached as Exhibit A hereto, agreeing to be bound by the terms and conditions of this Protective Order, consenting to the jurisdiction of the Court for the purposes of the enforcement of this Protective Order, and agreeing not to disclose or use any Confidential or Highly Confidential Discovery Material in a manner or for purposes other than those permitted hereunder.

Notwithstanding Paragraph 6.D. above, Confidential or Highly Confidential Discovery Material may be provided to persons listed therein only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in these Actions, provided that such expert or consultant is using said Confidential or Highly Confidential Discovery Material solely in connection with these Actions; and further provided that such expert or consultant agrees to be bound by the terms of this Protective Order by signing an undertaking in the form attached as Exhibit A hereto. Counsel for the Party showing, providing, or disclosing Confidential or Highly Confidential Discovery Material to any person required to execute an undertaking pursuant to this Paragraph shall be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof.

Notwithstanding Paragraph 6.E. above, Confidential or Highly Confidential Discovery Material may be provided to persons listed therein only to the extent necessary for such witness or deponent to prepare for and testify at deposition or trial in the Action, and only after (i) they

8

confirm their understanding and agreement to abide by the terms of this Protective Order by making such a statement on the record, and/or by signing an undertaking in the form attached as Exhibit A hereto, or (ii) a court of competent jurisdiction orders them to abide by the terms of this Protective Order. Counsel for the Party showing, providing, or disclosing Confidential or Highly Confidential Discovery Material to any person required to execute an undertaking pursuant to this Paragraph shall be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof.

**7.  USE OF DISCOVERY MATERIAL**

Discovery Material shall be used solely for purposes of this Action and shall not be used for any other purpose, including, without limitation, any business or commercial purpose, or any other litigation or proceeding; provided, however, that the foregoing shall not apply to Discovery Material that is or becomes part of the public record.

**8.  DISCLOSURE OF THE TERMS OF THIS PROTECTIVE ORDER**

Every person to whom Discovery Material is disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, shall be advised that the information is being disclosed pursuant and subject to the terms of this Protective Order and may not be disclosed or used for purposes other than those permitted hereunder. Each such person shall maintain the Discovery Material, or information derived therefrom, in a manner reasonably calculated to prevent unauthorized disclosure. Any Party issuing a subpoena to a non-Party shall enclose a copy of this Protective Order and notify the non-Party that the protections of this Protective Order are available to such non-Party.

**9.  CHALLENGES TO DESIGNATIONS**

The designation of any Discovery Material as "Confidential" or "Highly Confidential" is subject to challenge by any Party at any time after receiving Discovery Material marked

"Confidential" or "Highly Confidential." No Party shall be obligated to challenge the propriety of any individual designation, and failure to do so promptly shall not preclude any subsequent objection to such designation or a motion to seek a determination as to the propriety of such designation or to otherwise modify the provisions of this Protective Order. Furthermore, a non-Producing Party's failure to object or decision not to object to a Producing Party's designation of Discovery Material as "Confidential" or "Highly Confidential" shall not be deemed a concession or admission that such Discovery Material meets the requirements of such terms as defined herein. In addition, no designation of Discovery Material as "Confidential" or "Highly Confidential," objection to such designation, or failure to object to such designation shall be admissible evidence at any hearing or trial. The following procedure shall apply to any such challenge:

      A.    <u>Meet and Confer.</u> A Party challenging the designation of Confidential or Highly Confidential Discovery Material must notify the Producing Party of its objection(s) in writing. The objection(s) shall include the specific Discovery Material objected to and the basis for the objection. Within five (5) business days of receipt of the written objection, the Parties shall meet and confer concerning the objection. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper. The Producing Party must respond to the challenge in writing within five (5) business days after the meet and confer, otherwise the challenged designations identified in the receiving Party's written challenge will be deemed waived. These time limits may be extended by mutual agreement of the objecting and Producing Parties.

      B.    <u>Judicial Intervention.</u> If the Producing Party responds to the challenge in writing after the meet and confer, then an objecting Party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged

Discovery Material and sets forth in detail the basis for the challenge. The burden of persuasion in any such motion practice shall be on the Producing Party. Until the Court rules on the challenge motion, all Parties shall continue to treat the Discovery Materials as "Confidential" or "Highly Confidential" under the terms of this Protective Order.

## 10. FILING CONFIDENTIAL OR HIGHLY CONFIDENTIAL DISCOVERY MATERIAL

In the event that a Party or non-Party seeks to file with the Court any Confidential or Highly Confidential Discovery Material subject to this Protective Order, that Party or Non-Party must first take appropriate action to ensure that the designated Discovery Material receives proper protection from public disclosure, including (a) filing a redacted version of the document with the consent of the Party or Non-Party who designated the Discovery Material as Confidential or Highly Confidential, (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the designated Discovery Material solely for *in camera* review; or (c) seeking permission to file the designated Discovery Material under seal by filing a motion to seal in accordance with Local Rule General 102.  Any motion to file any documents under seal must meet the applicable First Circuit standard and Local Rule General 102, and the burden of demonstrating the need for and appropriateness of a sealing order is borne by the moving party.

**11. USE OF DISCOVERY MATERIALS AT TRIAL OR HEARING**

Nothing in this Order shall be construed to affect the use of any Discovery Materials or information at any trial or hearing, nor shall this Order preclude a Producing Party or other party with standing from objecting to the use of Discovery Materials or information at any trial or hearing. A Party or non-Party that intends to present or that anticipates that another Party or non-Party may present Confidential or Highly Confidential Discovery Material at a hearing or trial shall bring that issue to the Court's and Parties' attention by motion or in a pretrial memorandum without disclosing the protected information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**12. INADVERTENT PRODUCTION MATERIAL**

If Discovery Material that is subject to a claim of attorney-client privilege, attorney work product, or any other applicable privilege or immunity or ground on which production of that information should not be made to any Party ("Inadvertent Production Material") is inadvertently produced to that Party or Parties, such inadvertent production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product, or other applicable privilege or immunity.

A. A claim of inadvertent production shall constitute a representation by that Producing Party that the Inadvertent Production Material has been reviewed by an attorney for such Producing Party and that there is a good faith basis for such claim of inadvertent production.

B. If a claim of inadvertent production is made pursuant to this Protective Order, with respect to Discovery Material then in the custody of another Party, the Party possessing the Inadvertent Production Material shall: (i) refrain from any further examination or disclosure of the claimed Inadvertent Production Material; (ii) promptly make a good faith

effort to return the claimed Inadvertent Production Material and all copies thereof (including summaries and excerpts, as well as any copies or portions loaded to databases) to counsel for the Producing Party, or destroy all such claimed Inadvertent Production Material (including summaries and excerpts, as well as any copies or portions loaded to databases) and all copies thereof, and certify in writing to that fact; and (iii) not use the Inadvertent Production Material (or any notes or other work product reflecting the contents of the Inadvertent Production Material) for any purpose until further order of the Court.

C.  A Party may move the Court for an order compelling production of the claimed Inadvertent Production Material; however, while such motion is pending, the Discovery Material in question shall be treated as Inadvertent Production Material, and such motion may not assert as a ground for entering such an order the fact or circumstance of the inadvertent production, nor shall such motion include or otherwise disclose, as an attachment, exhibit, or otherwise, the Inadvertent Production Material (or any portion thereof) that is the subject of such motion.

D.  Where a witness testified about material, the Producing Party may not, after that testimony, deem that material Inadvertent Production Material for the purposes of the provisions of section.

Nothing herein shall be deemed to waive any applicable common law or statutory privilege or work product protection.

## 13. JOINDER OF ADDITIONAL PARTIES

In the event additional Parties join or are joined in these Actions, they shall not have access to Confidential or Highly Confidential Discovery Material until the newly joined Party, by its counsel, has executed and filed with the Court its agreement to be bound fully by this Protective Order.

## 14. MISCELLANEOUS

The Parties agree to be bound by the terms of this Protective Order pending the entry by the Court of this Protective Order, and any violation of its terms shall be subject to the same sanctions and penalties as if this Protective Order had been entered by the Court.

The provisions of this Protective Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of the Action, including, without limitation, any appeals therefrom, except as provided in Paragraph 15, below.

For the avoidance of doubt, with regard to the disclosure, maintenance, use, and disposal of protected health information, to the extent any of the terms herein conflict with the HIPAA Qualified Protective Order entered by this Court, the terms of the HIPAA Qualified Protective Order supersede and control the Protective Order.

Also for the avoidance of doubt, production of any Discovery Material by any non-Party shall be subject to and governed by the terms of this Protective Order.

## 15. TERMINATION OR OTHER RESOLUTION OF THIS ACTION

The termination of this action shall not relieve the Parties and persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Discovery Material or Highly Confidential Discovery Material pursuant to this Protective Order.

     A.     Within sixty (60) days after dismissal or entry of final judgment not subject to further appeal, all information and documents marked "Confidential" or "Highly Confidential" under this Protective Order shall be returned to the Producing Party unless: (i) the document has been offered into evidence or filed without restriction as to disclosure; (ii) the Parties certify that all copies of the Discovery Material have been destroyed in lieu of return; or (iii) as to documents bearing the notations, summations, or other mental

impressions of the receiving Party, that Party elects to destroy the documents and certifies to the Producing Party in writing that it has done so.

B.       Notwithstanding the foregoing Paragraph 15.A., counsel of record for the Parties shall be entitled to retain court papers, deposition and trial transcripts, and litigation files (including attorney work product and Discovery Material containing Confidential Discovery Material or Highly Confidential Discovery Material), provided that such counsel, and employees of such counsel, shall maintain the confidentiality thereof and shall not disclose such court papers, depositions and trial transcripts, and litigation files (including attorney work product and Discovery Material containing Confidential or Highly Confidential Discovery Material) to any person except pursuant to a Court order, agreement by the Producing Party, or as otherwise required by law.

If any person in possession of Confidential Discovery Material or Highly Confidential Discovery Material (the "Receiver") receives a subpoena or other compulsory process seeking the production or other disclosure of Confidential Discovery Material or Highly Confidential Discovery Material produced or designated by a Producing Party other than the Receiver (collectively, a "Demand"), the Receiver shall give written notice (by hand, email, or facsimile transmission) to counsel for the Producing Party (or Producing Parties) within five (5) business days of receipt of such Demand (or if a response to the Demand is due in less than five (5) business days, at least twenty-four (24) hours prior to the deadline for a response to the Demand), identifying that Confidential Discovery Material or Highly Confidential Discovery Material is sought and enclosing a copy of the Demand, and the Receiver must object to the production of the Confidential Discovery Material or Highly Confidential Discovery Material on the grounds of the existence of this Protective Order, if the Producing Party so requests. The burden of opposing the

enforcement of the Demand will fall on the Producing Party. Nothing herein shall be construed as requiring the Receiver or anyone else covered by this Protective Order to challenge or appeal any order requiring production of Confidential Discovery Material or Highly Confidential Discovery Material covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court or any other court. Compliance by the Receiver with any order directing production pursuant to a Demand of any Confidential Discovery Material or Highly Confidential Discovery Material will not constitute a violation of this Protective Order.

No Receiver shall reveal any Confidential Discovery Material or Highly Confidential Discovery Material, or the information contained therein, to anyone not entitled to receive such Confidential Discovery Material or Highly Confidential Discovery Material under the terms of this Protective Order. In the event that Confidential Discovery Material or Highly Confidential Discovery Material is disclosed to any person other than in the manner authorized by this Protective Order, or any information comes to the Receiver's attention that may indicate there was or is likely to be a loss of confidentiality of any Confidential Discovery Material or Highly Confidential Discovery Material, the Receiver responsible for the disclosure or loss of confidentiality shall immediately inform the Producing Party of all pertinent facts relating to the disclosure or loss of confidentiality, including, if known, the name, address, and other contact information of each person to whom the disclosure was made. The Receiver responsible for the disclosure or loss of confidentiality shall also make reasonable efforts to prevent disclosure of Confidential Discovery Material or Highly Confidential Discovery Material by each unauthorized person who receives the information.

Entering into this Protective Order, or agreeing to and/or producing or receiving Discovery Material or otherwise complying with the terms of this Protective Order, shall not:

A.   Prejudice in any way the rights of any Party to (i) seek production of documents or information it considers subject to discovery, or (ii) object to the production of documents or information it considers not subject to discovery;

B.   Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any Discovery Material;

C.   Operate as an admission by any Party that any particular Discovery Material constitutes Confidential Discovery Material or Highly Confidential Discovery Material or contains or reflects trade secrets or any other type of confidential information;

D.   Prejudice in any way the rights of any Party to (i) petition the Court for a further protective order relating to any purportedly Confidential Discovery Material or Highly Confidential Discovery Material, or (ii) seek a determination by the Court whether any Confidential Discovery Material or Highly Confidential Discovery Material should be subject to the terms of this Protective Order;

E.   Prevent any Party from agreeing in writing to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material;

F.   Prejudice in any way the rights of any Party to object to the relevance, authenticity, use, or admissibility into evidence of any document, testimony, or other evidence subject to this Protective Order;

G.   Preclude any Party from objecting to discovery that it believes to be otherwise improper; or

H.  Operate as a waiver of any attorney-client, work product, business strategy, trade secret, or other privilege or protection.

## 16. ACKNOWLEDGMENT OF BROWN UNIVERSITY'S FERPA OBLIGATIONS

Nothing in this Protective Order shall be construed as limiting or impairing Brown University's statutory and regulatory obligations regarding "education records," as defined by and subject to the Family Educational Rights and Privacy Act ("FERPA", 20 U.S.C. § 1232g) and the United States Department of Education's FERPA regulations (34 CFR Part 99), particularly as to Brown University's FERPA confidentiality and notice obligations regarding the "education records" of current or former students who are not parties to any of the Actions subject to this Protective Order.

Nothing in this Protective Order is intended to nor shall be construed as any Plaintiff waiving their rights and/or Brown's obligations to them under FERPA, particularly as to Brown University's FERPA confidentiality and notice obligations regarding the "education records" of current or former students.


IT IS SO ORDERED.


Dated: August 30th, 2023                    _____
                                            McConnell, J.
                                            Chief, USDC for Dist. of RI



AGREED:

**GRANT & EISENHOFER P.A.**

*/s/* Irene Lax
Irene Lax (*Pro Hac Vice*)
Karin Fisch (*Pro Hac Vice*)

18

485 Lexington Avenue, 29th Floor
New York, NY 10017
Tel: (646) 722-8512
kfisch@gelaw.com
ilax@gelaw.com

**GRANT & EISENHOFER P.A.**
Elizabeth Bailey (*Pro Hac Vice*)
Samuel Mukiibi (*Pro Hac Vice*)
Cynthia B. Morgan (*Pro Hac Vice Forthcoming*)
123 Justison Street
Wilmington, DE 19801
Tel: (302) 622-7000
ebailey@gelaw.com
smukiibi@gelaw.com
cmorgan@gelaw.com

**GRANT & EISENHOFER P.A.**
M. Elizabeth Graham (*Pro Hac Vice*)
101 California Street, Suite 2710
San Francisco, CA 94111
Tel: (415) 365-9585
egraham@gelaw.com

**LAW OFFICES OF PATRICIA E. ANDREWS**
Patricia E. Andrews
38 N. Court Street
Providence, RI 02903
Tel: (401) 421-0966
peandrews@verizon.net

19

*ATTORNEYS FOR PLAINTIFFS*

/s/ Steven M. Richards
Steven M. Richard (#4403)
Nixon Peabody LLP
One Citizens Plaza, Suite 500
Providence, RI  02903
srichard@nixonpeabody.com

*ATTORNEY FOR DEFENDANT, BROWN
UNIVERSITY*

20

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

KATIANA SOENEN,

          *Plaintiff,*

v.

BROWN UNIVERSITY

*Defendant.*

C.A. No. 1:23-cv-00046-JJM-PAS

TAJA-HIRATA-EPSTEIN,

          *Plaintiff,*

v.

BROWN UNIVERSITY,

          *Defendant.*

C.A. No. 1:23-cv-00046-JJM-PAS

EMMA DENNIS-KNIERIEM,

          *Plaintiff,*

v.

BROWN UNIVERSITY,

          *Defendant*.

C.A. No. 1:23-cv-00047-JJM-PAS

JANE DOE 2,

        *Plaintiff,*

v.

BROWN UNIVERSITY,

*Defendant.*

C.A. No. 1:23-cv-00051-JJM-PAS

---

CHLOE BURNS,

        *Plaintiff,*

v.

BROWN UNIVERSITY,

        *Defendant.*

C.A. No. 1:23-cv-00086-JJM-PAS

## <u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned actions and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the District Court of Rhode Island in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential or Highly Confidential Discovery Material in accordance with the Protective Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential or Highly Confidential Discovery Material to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title _____

Employer: _____

Business Address: _____

_____

_____


Date: _____      Signature:_____